```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

MARIE LALOR-BROWN,           :    NO:  1:05-CV-00597
                             :
        Plaintiff,           :
                             :    **OPINION AND ORDER**
     v.                      :
                             :
                             :
MERRILL LYNCH, PIERCE,       :
FENNER & SMITH, INC.,        :
                             :
        Defendant.           :

This matter is before the Court on Defendant's Motion to Dismiss or Transfer (doc. 2), Plaintiff's Response in Opposition (doc. 6), and Defendant's Reply (doc. 7).

**I.   Background**

Plaintiff filed her Complaint with this Court on September 13, 2005, alleging that in the context of her employment, Defendant engaged in 1) gender discrimination and harassment in violation of Title VII, 2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and 3) retaliation for Plaintiff's protected complaints of gender discrimination and harassment (doc. 1).  Plaintiff is a resident of the state of Florida, and Defendant is a Delaware corporation doing business in Ohio (Id.). Plaintiff's Complaint indicates that while working out of Defendant's Naples, Florida office, she continued to serve a number of clients in the Cincinnati, Ohio, area (Id.).

Plaintiff complains that she was harassed and treated

differently by her Managing Director, Michael Lynch (Id.). Plaintiff filed a written complaint to the company's chairman in August 2004, and in October 2004, filed a charge with the Equal Employment Opportunity Commission ("EEOC") (Id.). Plaintiff alleges that she was moved to a less prestigious location in December, 2004, in retaliation for her allegations (Id.). She amended her EEOC Charge in December 2004 to reflect her claim of retaliation (Id.). Michael Lynch left the employ of Defendant in May, 2005, and Dan Grenau assumed his position (Id.). Plaintiff alleges that the pattern and practice of discrimination against her has continued under Dan Grenau's management (Id.).

**II. Defendant's Motion**

Defendant filed the instant motion on November 15, 2005, requesting the Court to dismiss or transfer this lawsuit as it argues venue in Ohio is improper (doc. 2). Defendant argues the alleged conduct occurred in Florida, none of the relevant employment records are maintained in Ohio, and the key witnesses in the case, including Plaintiff, are all located in Florida (Id.). Defendant argues that two out of three of Plaintiff's claims allege violations of Title VII, which restricts venue to the judicial district where the unlawful practice is alleged to have occurred, where employment records are kept, where the employee would have worked but for the unlawful practice, or in the case where respondent is not located in any of the above locations, where the

respondent has its principal office (Id. citing 42 U.S.C. § 2000e-5(f)(3)(2005). Defendant argues that even if venue properly lies in this Court for Plaintiff's ADEA claim, the entire Complaint should be dismissed so as to avoid multiple lawsuits involving the same facts and circumstances (Id.). Defendant argues that although the Sixth Circuit has not addressed the issue of pendent venue, some courts have indicated that when one claim is subject to a specific venue provision, such at Title VII, and another is not, the more specific provision controls (Id. citing Trujillo v. Total Business Systems, Inc., 704 F. Supp 1031, 1032 (D. Colo. 1989)). Other courts have determined which claim is the "primary" claim and then apply the venue statute applicable to that claim to all claims (Id.). Under either approach, argues Defendant, the exercise of pendent jurisdiction in this case is inappropriate (Id.). Defendant further argues that transfer is appropriate pursuant to 28 U.S.C. § 1406 in the interest of judicial economy, and under 28 U.S.C. § 1404(a) because transfer to the Middle District of Florida would result in the most convenient forum for the parties and witnesses (Id.).

### III.  Plaintiff's Response

Plaintiff responds that venue is completely appropriate over her ADEA claims and that the Court should exercise pendent venue over her remaining Title VII claims (doc. 6). Citing C.H. James & Co. v. Federal Food Marketers Co., 927 F.Supp. 187, 189-190

(S.D.W.Va. 1996), Plaintiff argues the Court may exercise pendent venue over two claims even though venue is only proper for one claim (Id.).  Plaintiff argues it is not for the Defendant to determine which of her claims is "primary" (Id.).  Plaintiff asks the Court to give the plaintiff's choice of forum "great weight," consistent with its prior jurisprudence in U.S. ex rel. Roby v. The Boeing Co., 1998 U.S. Dist. LEXIS 22456 at *3 (S.D. Ohio January 21, 1998)(Spiegel, J.)(Id.).  Plaintiff further argues that should the Court decline to apply pendent venue, a transfer, not a dismissal, is the appropriate remedy (Id.).  Plaintiff does not dispute this action could have been brought in the Middle District of Florida (Id.).

**IV.  Defendant's Reply**

Defendant replies by reiterating its position and arguing that Plaintiff's choice of forum, while entitled to great weight in deciding whether to transfer venue, is not dispositive (doc. 7, citing National General Ins. Co. v. Goodyear Tire & Rubber Co., No. 5:05-CV-01819, 2005 U.S. Dist. LEXIS 28298 (N.D. Ohio, November 17, 2005)).  Unlike the case of Roby, argues Defendant, none of the facts of this case occurred within the Southern District of Ohio, and none of the witnesses are located here (Id.).

**V.  Analysis and Conclusion**

Having reviewed this matter, the Court does not find dismissal of Plaintiff's claims appropriate, and as such will not

4

grant Defendant's motion to dismiss. However, it is clear that the underlying allegations of Plaintiff's Complaint all took place in the Middle District of Florida, and that all of the witnesses are located there. Under the venue restriction of Title VII, there is no basis for two out of three of Plaintiff's claims to be properly heard before this Court. 42 U.S.C. § 2000e-5(f)(3)(2005). The Title VII venue provisions are more specific than the ADEA venue provisions, thus evincing Congressional intent that Title VII claims be litigated close to their source. The Court finds well taken Defendant's arguments concerning venue and the lack of justification to exercise pendent venue in this case. As Plaintiff does not contest the propriety of the Middle District of Florida as venue for this action, the Court concludes that such venue is appropriate for each of Plaintiff's claims.

    Accordingly, the Court GRANTS IN PART Defendant's Motion to Dismiss or Transfer (doc. 2) to the extent that it TRANSFERS this case to the United States District Court for the Middle District of Florida.


    SO ORDERED.


Dated: January 24, 2006      /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge